UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | CASE NO. CV F 12-1255 LJO GSA |
| Plaintiff, | **ORDER ON CITY DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** (Docs. 20, 21.) |
| vs. | |
| LEE F. GAINES, II, et al., | |
| Defendants. | |
| _____/ | |

**PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to a U.S. Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

## INTRODUCTION

Defendants City of Modesto ("City") and the City's Police Department ("Department") seek to dismiss as lacking sufficient facts plaintiff Jane Doe's *Monell* claims based on inadequate training and supervision of Department officers. Jane Doe filed no timely papers to oppose dismissal of her *Monell* claims against the City and Department (collectively the "City defendants"). This Court considered the City defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the August 6, 2013 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES Jane Doe's *Monell* claims against the City defendants.

## BACKGROUND[1]

On January 5, 2012 at 9:30 p.m., defendant Lee F. Gaines II ("Officer Gaines"), a Department police officer, telephoned Officer Gaines that he desired to visit her at her Modesto residence. Officer Gaines arrived at 10:45 p.m. dressed in a Department uniform with a badge and firearm and entered Jane Doe's residence "without consent, a search warrant, and/or probable cause, and handcuffed her hands behind her back." Officer Gaines forced Jane Doe "to perform various sexual acts." Jane Doe "protested and did not provide consent." Officer

---

[1] The factual recitation generally summarizes Jane Doe's First Amended Complaint for Damages ("FAC").

2

Gaines "removed the handcuffs, sanitized the premises, and departed in his police vehicle."

The City defendants challenge the FAC's sole (fourth) *Monell* claim against them alleged pursuant to 42 U.S.C. § 1983 ("section 1983") for "deliberate indifference regarding training and supervision." The *Monell* claim alleges that:

1. The City defendants' "training and supervision program was not adequate to train and supervise it's [sic] officers to properly handle usual and recurring situations of law enforcement";

2. The City defendants "knew or should have known of Gaines' unreasonable use of force, sexual assaults, unlawful searches, and false arrests during the course and scope of his employment had they provided proper training and supervision";

3. The City defendants "were deliberately indifferent to the need to train and supervise it's [sic] officers, including Gaines, regarding reasonable use of force, arrest without probable cause, and sexual assault on citizens"; and

4. "Gaines' unreasonable use of force, false arrest, and sexual assault of Jane Doe occurred as a result of the official policy, custom, practice, and usage of deliberate indifference" by the City defendants.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

The City defendants seek to dismiss the FAC's (fourth) *Monell* claim in the absence of supporting facts.

A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove facts to support a claim that would merit relief. *Cahill v.*

3

*Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to

4

survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to the City defendants' challenges to the FAC's *Monell* claim.

### *Monell* Pleading

The City defendants characterize the FAC's claim against them as "devoid of relevant factual allegations sufficient to sustain a *Monell* claim."

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). "Federal case law has long barred respondeat superior liability against state actors in suits brought under 42 U.S.C. § 1983." *Fed. of African American Contractors v. City*

5

*of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996).  Claimants suing state actors under section 1983 "must establish that their alleged injury was the result of a 'policy or custom' of that state actor." *African American Contractors*, 96 F.3d at 1215.

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2018.  The local government unit "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 345 (1993).  Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).  To maintain a civil rights claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation).  *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

"In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).  A local government entity may be liable under section 1983 "if its deliberate policy caused the constitutional violation alleged." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).  However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1995), *cert. denied*, 520 U.S. 1117, 117 S.Ct. 1249 (1997).

A municipal policy or custom is established by showing: (1) "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) "that the decision-making official was, as a matter of state law, a final policymaking

authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 984-985 (9th Cir. 2002) (internal quotation marks and citations omitted).

The City defendants challenge the FAC's (fourth) *Monell* claim to allege merely that: (1) had the City defendants offered proper training, they would have known that Officer Gaines had engaged in misconduct; and (2) the "alleged assault" occurred because of inadequate training. The City defendants fault the FAC's absence of facts to support its conclusions to render the FAC "a mere recitation of the legal elements of a *Monell* claim."

The City defendants raise valid points. The FAC merely references inadequate training resulting from deliberate indifference. No facts connect the City defendants' conduct to Officer Gaines and in turn his alleged misconduct toward Jane Doe. The FAC lacks a *Monell* claim against the City defendants in the absence of facts to support a precise custom, policy or practice. The FAC merely references "deliberate indifference" without specifying how the City defendants' policy, custom or practice constitute deliberate indifference. There are no allegations of duration, frequency and consistency of an unlawful or deliberately indifferent custom, policy or practice. The FAC alleges merely a conclusion and no facts to connect the City defendants to an alleged constitutional deprivation. This Court construes the absence of Jane Doe's opposition as her concession that she lacks a *Monell* claim against the City defendants.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the FAC's (fourth) *Monell* claim against the City defendants; and

/ / /

/ / /

/ / /

7

2. DIRECTS the clerk to enter judgment in favor of defendants City of Modesto and Modesto Police Department and against plaintiff Jane Doe but not to close this action.

IT IS SO ORDERED.

Dated: **July 24, 2013**          **/s/ Lawrence J. O'Neill**
                                 UNITED STATES DISTRICT JUDGE