# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | ) 1:12cv1255 LJO GSA |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING MOTION TO<br>) WITHDRAW AS ATTORNEY OF RECORD |
| CITY OF MODESTO, MODESTO POLICE DEPARTMENT, LEE F. GAINES, II | ) ORDER ADVISING PLAINTIFF OF INITIAL<br>) SCHEDULING CONFERENCE SET FOR<br>) SEPTEMBER 25, 2013 at 9:30 a.m. |
| Defendants. | ) (Doc. 24) |

**Introduction**

On July 23, 2013, Jacob J. Rivas, attorney for Plaintiff Jane Doe ("Plaintiff"), filed a Motion to Withdraw as Attorney of Record for Plaintiff, seeking withdrawal on permissive grounds. (Doc. 24). Neither Plaintiff nor the sole remaining defendant in this matter, Lee F. Gaines, II, filed any opposition. The matter was heard on August 30, 2013, before the Honorable Gary S. Austin, United States Magistrate Judge. Mr. Rivas appeared in person. Plaintiff failed to appear, despite this Court's order requiring her to personally appear at the hearing. (Doc. 29). Defendant Gaines, or his counsel, also did not participate in the hearing.

Upon consideration of the pleadings and argument in this matter, the Motion to Withdraw as Attorney is GRANTED.

///

///

1

**Background**

The initial complaint in this civil rights action was filed on August 1, 2012, and a First Amended Complaint was filed on September 17, 2012.[1] The case was stayed from November 8, 2012 to June 6, 2013, to allow for the resolution of criminal proceedings against Defendant Lee F. Gaines, II. (Docs. 16, 19). Thereafter, on July 24, 2012, the District Court dismissed all claims against Defendants City of Modesto and Modesto Police Department, pursuant to a motion to dismiss. A trial date and deadlines for discovery and pretrial motions have yet to be set in this matter. The Initial Scheduling Conference to determine these dates is set for September 25, 2013.

**Discussion**

*A.    Applicable Law*

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona,* without leave of court. The rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212, 1215 (N.D. Cal. 1993).

Permissive withdrawal of an attorney, which is at issue here, is addressed by Rule 3-700(C) of the California Rules of Professional Conduct. Rule 3-700(C)(1)(d) provides that a member may withdraw because the client "renders it unreasonably difficult for the member to carry out the employment effectively." In addition, Rule 3-700(C)(5) provides that grounds for withdrawal exist when "[t]he client knowingly and freely assents to termination of the employment." The decision to grant or deny a motion to withdraw as counsel, is, however, committed to the sound discretion of the trial court. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Rus, Millband & Smith v. Conkle & Olesten*, 113 Cal.App.4th 656, 673

---

[1] In addition to 42 U.S.C. § 1983 claims, the First Amended Complaint alleges various state law claims, including sexual battery and emotional distress claims.

(2003); *Estate of Falco*, 188 Cal.App.3d 1004, 1014 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw.").

The lack of a cooperative relationship between an attorney and her client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration, Inc.*, 2010 WL 1293522, *3 (N.D. Cal. Mar. 31, 2010) (client's failure to cooperate or communicate effectively justified granting counsel leave to withdraw); *Lewis v. Nevada County*, 2009 WL 463510, *1 (E.D. Cal. Feb. 23, 2009) (client's failure to cooperate and heed counsel's advice constituted sufficient grounds to allow counsel to withdraw). However, withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 915 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case); *also see* California Rules of Professional Conduct, Rule 3–700(A) ("a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client").

Finally, courts may consider the following factors in ruling on a motion for permissive withdrawal: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008).

   **B.**   ***Analysis***

Here, Mr. Rivas has requested permissive withdrawal from his representation of Plaintiff pursuant to Local Rule 182 and California Rules of Professional Conduct 3-700(C)(1)(d) and (C)(5). Mr. Rivas has represented to the Court, both in a declaration accompanying his motion and at the hearing on his motion, that Plaintiff agrees with and consents to his withdrawal. (Doc. 24-2, ¶¶ 20, 23). Mr. Rivas further notified the Court that Plaintiff had already personally retrieved a copy of her case file from his office. (Doc. 24-2, ¶ 21). The Court also notes that Plaintiff did not file any opposition to Mr. Rivas' motion.

The Court has balanced counsel's reasons for seeking to withdraw against the need to

avoid undue prejudice to Plaintiff and delay in the administration of justice.  The Court finds (1) that good cause exists to permit Mr. Rivas to permissively withdraw as attorney of record for Plaintiff; and (2) that Mr. Rivas' withdrawal will result in minimal prejudice to Plaintiff and will not unduly hinder the administration of justice.  The Court's determination is based on the contentions in Mr. Rivas' moving papers and his representations to the Court; on the fact that there is no opposition to Mr. Rivas' motion; and on the fact that this litigation remains at an early stage at the present time.  Accordingly, Mr. Rivas' motion to withdraw is granted.

**ORDER**

For the foregoing reasons, Mr. Rivas' Motion to Withdraw as Attorney of Record is GRANTED and Plaintiff is SUBSTITUTED in his place to act as her own counsel.  Mr. Rivas is DIRECTED to provide Plaintiff with a copy of her complete case file by September 13, 2012, if he has not already done so.  Plaintiff is hereby advised that she no longer has an attorney to represent her in this case.  While Plaintiff may choose to continue to represent herself, the Court strongly recommends that she obtain a new attorney to handle this litigation on her behalf.

Plaintiff is advised that in acting as her own counsel, she is responsible for complying with all court rules and applicable laws.  Failure to do so, and failure to comply with any order of this Court may result in sanctions or in the dismissal of this action.  Plaintiff is also hereby ordered to keep the Court apprised of her current mailing address and telephone number at all times.  Failure to do so will result in the dismissal of this action.

The Initial Scheduling Conference for this matter is set for September 25, 2013 at 9:30 a.m., in Courtroom 10, before Magistrate Judge Gary Austin.  Plaintiff is ordered to appear in person or telephonically for the Initial Scheduling Conference at the stated date and time.  In order to appear telephonically, Plaintiff must coordinate a one-line conference call with the attorneys for Defendant Lee F. Gaines, II, prior to calling Chambers at (559) 499-5960.  Furthermore, Plaintiff is required to coordinate with the attorneys for Defendant Lee F. Gaines, II, to prepare a Joint Scheduling Report, which must be submitted to the Court seven days prior to the Initial Scheduling Conference.  Failure to comply with this order will result in the dismissal of this action.  If, alternatively, Plaintiff needs additional time to obtain a new attorney,

Plaintiff must inform the Court, in writing, no later than September 15, 2013.

    IT IS SO ORDERED.

**Dated:   September 6, 2013**                          **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE