1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Jane Doe,

                 Plaintiff,

      v.

City of Modesto, et al.,

                 Defendants.

No.  1:12-cv-1255-LJO-GSA

**ORDER TO SHOW CAUSE**

On August 30, 2013, the Court held a hearing on a motion to withdraw as counsel of record filed by Jacob Rivas, who, at the time, represented Plaintiff Jane Doe ("Plaintiff") in this matter.  (Doc. 30).  The Court had previously ordered Plaintiff, on July 29, 2013, to personally appear at the hearing on Mr. Rivas' motion to withdraw.  (Doc. 29).  Despite the Court's order, Plaintiff failed to appear for the hearing.  (Doc. 30).

Subsequently, on September 6, 2013, the Court issued an order granting Mr. Rivas leave to withdraw as counsel of record for Plaintiff.  (Doc. 31).  In the same order, which was also served on Plaintiff, the Court specifically advised Plaintiff of her obligation as a pro se plaintiff (from that point onwards) to comply with all Court rules and orders.  The Court further clarified

1

that Plaintiff was ordered to appear, either in person or telephonically, at the mandatory Scheduling Conference set in this matter, on September 25, 2013, at 9:30 a.m., in Courtroom 10. The Court also ordered Plaintiff to coordinate with the attorneys for Defendant Lee F. Gaines, II ("Defendant"), to prepare a Joint Scheduling Report, to be submitted to the Court seven days prior to the Scheduling Conference.  Finally, the Court specifically advised Plaintiff that failure to comply with the Court's orders regarding Plaintiff's participation in the Scheduling Conference would result in the dismissal of this action.[1]

Despite the Court's explicit warning, Plaintiff failed to appear at the Scheduling Conference.  (Doc. 34).  Defendant's counsel's declaration, attached to Defendant's Scheduling Conference Report, indicates that Plaintiff was in contact with Defendant's counsel prior to the date of the mandatory Scheduling Conference, and was aware of the terms of the Court's September 6, 2013 order.  (*See* Doc. 32-1, Decl. of Scott Cavanaugh).  Moreover, the Court is not in receipt of any communication from Plaintiff since Attorney Rivas withdrew as her counsel in this case.  Plaintiff did not seek a continuance of the Scheduling Conference or indicate to the Court that she needed additional time to find another attorney to represent her in this case. Accordingly, the Court orders Plaintiff to show cause why this case should not be dismissed for Plaintiff's repeated failure to comply with this Court's orders and for her failure to prosecute this case.

Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9ᵗʰ Cir. 1987). In addition, Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  This Court has the inherent

---

[1] Plaintiff was also advised to inform the Court by September 15, 2013 if she needed additional time to obtain new counsel to represent her in this case.

power to manage its docket. *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). In the exercise of that power, the Court may dismiss an action for a party's failure to obey court orders and to prosecute the case. *Id*; *also see Malone*, 833 F.2d at130 (affirming district court's dismissal of action for a party's failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (the district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution).

The Court is required to weigh several factors in determining whether to dismiss an action for lack of prosecution or failure to obey court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1424; *Malone*, 833 F.2d at 132-133. Furthermore, a dismissal for lack of prosecution must be supported by a showing of unreasonable delay, which creates a presumption of injury to the defense and prejudices the Court's need to manage its docket. *Id.*

**ORDER**

Accordingly, Plaintiff Jane Doe is **ORDERED** to appear on **November 1, 2013, at 9:30 a.m., in Courtroom 10**, to show cause, if any exists, for her failure to appear at the mandatory Scheduling Conference on September 25, 2013. Plaintiff is cautioned that a failure to appear at the hearing on this Order to Show Cause will result in the dismissal of this action.[2]

---

[2] The Court will deliver this OSC to Plaintiff's mailing address previously supplied by Plaintiff's former counsel, as well as to a current address supplied by Defendant's counsel on September 25, 2013. In its order dated September 6, 2013, the Court had ordered Plaintiff to keep the Court apprised of her current address and telephone number at all times. The Court further warned Plaintiff that failure to do so would result in the dismissal of this action. (Doc. 31). Nonetheless, it appears that Plaintiff has failed to update her address of record on file with the Court.

3

1  IT IS SO ORDERED.

2      Dated:   **October 7, 2013**                    **/s/ Gary S. Austin**
3                                          UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4