UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe,<br><br>          Plaintiff,<br><br>     v.<br><br>City of Modesto, et al.,<br><br>          Defendants. | No.  1:12-cv-1255-LJO-GSA<br><br>**FINDINGS & RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS** |

**FACTUAL BACKGROUND**

This action was filed on August 1, 2012.  The case was stayed for seven months pending resolution of a related criminal case, *People of the State of California v. Lee Freddie Gaines, II*, in the Stanislaus County Superior Court.  (Doc. 16).

Shortly after the stay was lifted, Plaintiff Jane Doe's attorney, Jacob Rivas, filed a motion to withdraw as counsel of record on July 23, 2013.  (Doc. 24).  Thereafter, in a written order issued on July 29, 2013, the Court directed Plaintiff Jane Doe ("Plaintiff") to personally appear at the hearing on Mr. Rivas' motion to withdraw.[1]  (Doc. 29).  Despite the Court's specific order, Plaintiff failed to appear at the hearing on the motion to withdraw held on August 30, 2013.  Subsequently, on September 6, 2013, the Court issued a written order granting Mr. Rivas leave to withdraw as counsel of record for Plaintiff.  (Doc. 31).  In this written order, which was served on

---

[1] The Court's order was served on Plaintiff by mail, at a current address provided by Plaintiff's attorney in his moving papers.  *See* Doc. 24-1, p. 6.  Plaintiff did not have a permanent address on file with the Court (only her attorney's address).

1

Plaintiff,[2] the Court ordered Plaintiff to appear, either in person or telephonically, at the mandatory Scheduling Conference set in this matter, on September 25, 2013. The Court further directed Plaintiff to coordinate with the attorneys for Defendant Lee F. Gaines, II ("Defendant"), to prepare a Joint Scheduling Report, to be submitted to the Court seven days prior to the Scheduling Conference. The Court also advised Plaintiff, in the same order, of her obligation as a pro se plaintiff to comply with all Court rules and orders, and specifically cautioned her that failure to comply with the Court's orders regarding participation in the Scheduling Conference would result in the dismissal of this action. (Doc. 31).

Despite the Court's explicit warning, Plaintiff failed to appear at the Scheduling Conference. (Doc. 34). Defendant's counsel's declaration, submitted with Defendant's Scheduling Conference Report, indicates that Plaintiff was in contact with Defendant's counsel prior to the date of the mandatory Scheduling Conference, and was aware of the terms of the Court's September 6, 2013 written order. (*See* Doc. 32-1, Decl. of Scott Cavanaugh).

In its September 6, 2013 written order granting Mr. Rivas' motion to withdraw, the Court had advised Plaintiff to contact the Court if she needed additional time to obtain new counsel to represent her in this case. (Doc. 31). However, to date the Court has not received any communication from Plaintiff requesting additional time to find a new attorney to represent her, or seeking a continuance for any other reason, or informing the Court of any difficulties that had hindered her ability to comply with the Court's orders. (Doc. 31). Indeed, Plaintiff has not communicated with or contacted the Court at all.

In light of Plaintiff's failures to appear at the hearing on her former attorney's motion to withdraw and at the Scheduling Conference, and given the lack of *any* communication from

---

[2] This order was served on Plaintiff by mail, at a current address provided by her attorney in documents filed with his motion to withdraw as counsel of record, as she did not have an alternative address on file with the Court. *See* Doc. 24-1, p.6.

Plaintiff regarding her intentions, the Court issue an Order to Show Cause ("OSC") to Plaintiff regarding her repeated failure to comply with the Court's orders.[3] (Doc. 35). In the OSC, the Court ordered Plaintiff to appear at a hearing on the Order to Show Cause on November 1, 2013. The Court explicitly warned Plaintiff that her failure to appear at the hearing on the Order to Show Cause would result in the dismissal of this action. (Doc. 35). Plaintiff once again failed to comply with the Court's order and did not appear at the hearing on the Order to Show Cause. (Doc. 36). Defendant's counsel represented at the hearing that he had not had any further contact with Plaintiff since prior to the September 25, 2013 Scheduling Conference.

**DISCUSSION**

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). In the exercise of that power, the Court may dismiss an action for a party's failure to obey court orders.[4] *Id*; *also see Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming district court's dismissal of action for a party's failure to comply with court orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (same).

The Court is required to weigh several factors in determining whether to dismiss an action for failure to comply with court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on

---

[3] The OSC was served on Plaintiff by mail, at an address provided to the Court by her former attorney, as well as at an address provided to the Court by Defendant's counsel, Scott Cavanaugh, when he appeared at the Scheduling Conference on September 25, 2013. Mr. Cavanaugh had been in touch with Plaintiff during the weeks of September 9 and 16, and she had provided him with her current address. *See* Doc. 32-1.

[4] In addition, Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Malone*, 833 F.2d at 132-133.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal because this case has been pending in this Court since August 1, 2012, and Plaintiff has, in recent months, repeatedly failed to comply with orders of the Court requiring her to personally appear for hearings in this matter (Doc. 29, dated July 29, 2013; Doc. 31, dated September 6, 2013; and Doc. 35, dated October 8, 2013). Furthermore, since Plaintiff's former counsel withdrew from his representation of Plaintiff on September 6, 2013, the Court has had no communication of any sort whatsoever from Plaintiff, making it unlikely that this case can be litigated in a timely fashion under existing circumstances. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."). Here Plaintiff's lack of action in the case has unreasonably delayed the proceedings and no showing to rebut the presumption of injury to the Defendant has been made. The fourth factor, the availability of less drastic sanctions, also supports dismissal in this instance because a court's warning to a party that his or her failure to comply with a court order would result in dismissal satisfies the court's obligation to consider less drastic alternatives. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133. Here the Court has repeatedly made clear in its orders that Plaintiff's failure to comply with orders of the Court would result in the dismissal of this case. (Docs. 31 and 35). Finally, the fifth and last factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the rest of the factors that weigh in favor of dismissal.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with this Court's orders.  The undersigned Magistrate Judge's Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days after being served with a copy thereof, Plaintiff may submit written objections to the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's forthcoming order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 6, 2013**                             /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE